**AFFIRM; and Opinion Filed January 6, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01432-CR

## CARMEN VAUGHAN, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the Auxiliary Court No. 4B**
**Dallas County, Texas**
**Trial Court Cause No. TR-12-15353**

# MEMORANDUM OPINION
Before Justices Bridges, Fillmore, and Lewis
Opinion by Justice Lewis

Carmen Vaughan was convicted of contributing to the truancy of her daughter and the trial court assessed a fine of $400.00 plus court costs. In Vaughan's pro se appeal, she generally complains that suit was filed against the wrong parent; her daughter was exempt from compulsory school attendance regulations; the trial court erred in denying her motion for new trial; and the trial court erred in refusing to admit Vaughan's evidence at trial. The background of the case and the evidence are well known to the parties, and we therefore limit recitation of the facts. Because all dispositive issues are settled in law, we issue this memorandum opinion. Tex. R. App. P. 47.2(a), 47.4. We affirm the judgment of the trial court.

On April 3, 2012, the State filed a complaint against Carmen Vaughan, alleging that she had failed to require her daughter, Hannah Nicole Vaughan, to attend school as required by law.

The complaint alleged that the child had been absent for ten or more days or parts of days within a six month period without a lawful excuse in violation of section 25.093 of the Texas Education Code. After a bench trial on September 12, 2012, the trial court entered a final judgment, finding Vaughan guilty as charged in the complaint, and assessing a fine of $400.00 plus court costs. Vaughan filed a notice of appeal on September 18, 2012. On October 19, 2012, Vaughan filed a motion for new trial. The State filed a motion to deny Vaughan's motion for new trial, asserting the motion for new trial was not timely filed and the trial court lacked subject matter jurisdiction. The trial court conducted a hearing on October 24, 2012, and denied Vaughan's motion for new trial for lack of jurisdiction.

Vaughan filed an appellant's brief on April 26, 2012. Our appellate rules have specific requirements for briefing. TEX. R. APP. P. 38.1. Rule 38.1 provides that an appellant's brief "must state concisely all issues or points presented for review." TEX. R. APP. P. 38.1(f). The brief "must state concisely and without argument the facts pertinent to the issues or points presented" and be supported by record references. TEX. R. APP. P. 38.1(g). And the brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Although we construe pro se pleadings and briefs liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with all applicable laws and rules of procedure. *See Digges v. State*, No. 05-10-00239-CR, 2012 WL 2444543, at *3 (Tex. App.–Dallas June 28, 2012, pet. ref'd), *cert. denied,* 133 S.Ct. 2801 (2013) (not designated for publication).

After Vaughan filed her brief, this Court notified Vaughan that her appellate brief did not meet the general requirements of Texas Rule of Appellate Procedure 38.1, and identified nine areas in which her brief was deficient. Vaughan was given ten days within which to file an amended brief correcting the identified deficiencies. The notice stated that if an amended brief

was not filed within the specified time, the appeal would be submitted on the deficient brief, subject to the provisions of Texas Rule of Appellate Procedure 38.9. To date, Vaughan has failed to file an amended brief.

In her statement of facts, Vaughan provides some discussion regarding the nature of the proceeding and the trial court's disposition. However, for the most part, Vaughan's statement of facts consists of conclusory statements that are unsupported by record references and arguments that were not presented to the trial court.

Vaughan's brief does not identify the issues or points presented for appeal. An appellant's brief "must state concisely all issues or points presented for review." TEX. R. APP. P. 38.1(f). An issue presented for appellate review is sufficient if it directs the reviewing court's attention to the error about which the complaint is made. *See Lewis v. State*, No. 05-94-00803-CR, 1997 WL 732478, at \*2 (Tex. App.—Dallas Nov. 26, 1997, pet. ref'd) (not designated for publication). Only by examining the argument section of Vaughan's brief are we able to discern several complaints about alleged trial court error.

In the argument section of her brief, Vaughan discusses the trial court's findings of fact and conclusions of law; however, there is nothing in the record to indicate that the trial court issued findings of fact and conclusions of law. Vaughan's arguments are unclear and, at best, confusing. Furthermore, her arguments are completely unsupported by appropriate citations to authorities and to the record. Instead, Vaughan appears to ask this Court to make fact findings on issues that were not presented to the trial court and refers to various documents attached to her brief. We note that many of these documents are not part of our record and thus, we may not consider them on appeal. *See Ramirez v State*, 104 S.W.3d 549, 551 n.9 (Tex. Crim. App. 2003).

Vaughan argues her daughter was exempt from compulsory school attendance regulations because a medical condition made it difficult for her to get to school on time. She also argues

that tardiness should not be considered an unexcused absence. However, her arguments are not supported by appropriate citations to authorities or to the record. Furthermore, our review of the record reflects no evidence of the requisite certification from a qualified doctor. *See* TEX. EDUC. CODE ANN. § 25.086(a)(3) (West 2012). Vaughan argues the State sued the wrong parent and should have filed suit against her daughter's biological father, David Vaughan. Again, her argument is not supported by appropriate citations to authorities or to the record. Vaughan also argues the trial court erred by not allowing Vaughan or her daughter to testify at trial or to introduce medical documents into evidence at trial. However, other than her conclusory statement that the trial court erred, Vaughan does not provide pertinent facts, argument, authorities, or record citation in support of her argument on this issue. Furthermore, contrary to Vaughan's assertion, the record includes trial testimony by Vaughan and her daughter. Finally, with respect to her argument that the trial court erred in denying her motion for new trial, Vaughan appears to concede she did not file a timely motion for new trial, but asserts the delay in filing her motion was caused by "road blocks and rabbit trails." Vaughan fails to provide a concise argument, supported by appropriate citation to legal authority, to support her contention that the trial court erred by denying her untimely motion for new trial.

The requirement that an appellant's brief must contain a clear and concise argument that includes appropriate citations to legal authority and the appellate record is not satisfied by merely uttering brief, conclusory statements unsupported by legal citations. *See Lucio v. State*, 353 S.W.3d 873, 877–78 (Tex. Crim. App. 2011); *Muhammed v. State*, 331 S.W.3d 187, 195 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *see also* TEX. R. APP. P. 38.1(i). Failure to cite legal authority or provide substantive analysis of a legal issue presented results in waiver of the complaint. *See Stahle v. State*, 970 S.W.2d 682, 692 (Tex. App.—Dallas 1998, pet. ref'd.); *Freeman v. State*, No. 05-12-00923-CR, 2013 WL 4805698, at *5 n.3 (Tex. App.—Dallas Sept.

10, 2013, no pet. h.). Similarly, failure to provide citations to the record also results in waiver of the issue on appeal. *See* TEX. R. APP. P. 38.1(i); *see also Lucio*, 353 S.W.3d at 877–78. It is Vaughan's burden to discuss her assertions of error. We have no duty, or even right, to perform an independent review of the record and applicable law to determine if there was error. *See Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App 2008).

We conclude Vaughan's issues are inadequately briefed and present nothing to review. *Roberts v. State*, 273 S.W.3d 322, 326 (Tex. Crim. App. 2008). Because Vaughan failed to comply with the briefing requirements of our appellate rules after having been given opportunity to do so, she waived her issues on appeal. Vaughan's issues are overruled. Having resolved all of Vaughan's issues against her, we affirm the judgment of the trial court.

/David Lewis/
DAVID LEWIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121432F.U05

-5-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CARMEN VAUGHAN, Appellant

No. 05-12-01432-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Auxiliary Court No. 4B,
Dallas County, Texas
Trial Court Cause No. TR-12-15353.
Opinion delivered by Justice Lewis.
Justices Bridges and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 6th day of January, 2014.

/David Lewis/
DAVID LEWIS
JUSTICE